UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRITTANY TAYLOR, ) | |
| o/b/o C.W., a Minor Child, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:20-cv-0274-SGC |
| v. ) | |
| ) | |
| COMMISSIONER, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION**[1]

The plaintiff, Brittany Taylor ("Taylor"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") on behalf of her minor son, the claimant ("C.W."), denying his application for Supplemental Security Income ("SSI"). (Doc. 1.)[2] Taylor timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review. For the reasons stated below, the Commissioner's decision is due to be affirmed.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 10).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system, and appear in the following format: (Doc. __ at __). Citations to the transcript use page numbers assigned by the Commissioner to the record, and appear in the following format: (Tr. at __).

## I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

C.W. was five years old at the time of his alleged disability onset and ten years old at the time of the unfavorable decision issued by the Administrative Law Judge ("ALJ"). (Tr. at 10, 72, 174.) At the time of the ALJ's decision, C.W. had completed third grade. (Tr. at 253, 265, 450.) Taylor filed the instant application on behalf of C.W. on August 23, 2016, claiming a disability onset date of August 15, 2014, due to attention-deficit/hyperactivity disorder ("ADHD") and anxiety. (Tr. at 10, 72.)

The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled. *See* 20 C.F.R. § 416.924; *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278-79 (11th Cir. 2004) (describing the process for determining disability for children). The first step requires the ALJ to determine whether the child is engaged in substantial gainful activity ("SGA"). *See* 20 C.F.R. § 416.924(a), (b). If yes, the child is not disabled, but if no, the ALJ proceeds to step two. At step two, the ALJ determines whether the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.924(a), (c). If not, the child is not disabled. If yes, the ALJ determines at step three whether the child's impairment or combination of impairments meets or medically equals the criteria of an impairment in the Listings or functionally equals the Listings. *See* 20 C.F.R. §§ 416.902, 416.911(b), 416.924(a-d); *see also* 20 C.F.R.

Part 404, Subpart P, Appendix 1. A child's functional limitations are evaluated under six broad functional areas called domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical wellbeing. *See* 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

> To satisfy the "functional equivalent" standard, a child claimant must have "marked" limitations in two domains or an "extreme" limitation in one domain. A "marked" limitation is defined as a limitation that "interferes seriously with [the] ability to independently initiate, sustain, or complete activities," and is "more than moderate." An "extreme" limitation is reserved for the "worst limitations" and is defined as a limitation that "interferes very seriously with [the] ability to independently initiate, sustain, or complete activities," but "does not necessarily mean a total lack or loss of ability to function."

*Henry v. Barnhart*, 156 F. App'x 171, 174 (11th Cir. 2005) (internal citations to 20 C.F.R. § 926a(d), (e)(2)(i), and (e)(3)(i) omitted). Functional equivalence is not with respect to a particular listing but to the Listings overall. *See* 20 C.F.R. § 416.924(d)(1). If functional equivalency is not established, an ALJ will find the claimant not disabled under the Act. *See id.*

Applying the sequential evaluation process, the ALJ found C.W. has not engaged in SGA since August 23, 2016. (Tr. at 14.) The ALJ found C.W. has the following severe impairments: ADHD and oppositional-defiant disorder ("ODD"). (*Id.*); 20 C.F.R. § 416.924(c). However, the ALJ found C.W. does not have an impairment or combination of impairments that meet, medically equal, or

functionally equal the severity of the listed impairments, evaluating C.W.'s abilities under each of the six domains described above. (*Id.*); 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, 416.926). (*Id.*) Regarding functional equivalence, the ALJ found C.W. had less than marked limitation in the domains of acquiring and using information, attending and completing tasks, and health and physical well-being and no limitation in the domains of interacting and relating to others, moving and manipulating objects, and caring for himself. (Tr. at 22-28.) The ALJ concluded his findings by stating C.W. has not been under a disability, as defined in the Social Security Act, since August 23, 2016, the date the application was filed, through the date of his decision, January 18, 2019. (Tr. at 29.) The Appeals Council denied Taylor's request for review. (Tr. at 1-3.) Taylor timely filed the instant appeal on behalf of C.W. (Doc. 17.)

## II.   STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported

by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Taylor contends the ALJ's decision should be reversed and remanded because his findings that C.W. has a less than marked limitation in attending and completing tasks and no limitation in interacting and relating with others is not supported by substantial evidence.[3] Taylor's argument revolves primarily around her testimony and the testimony of C.W.'s father, Joshua Taylor ("Mr. Taylor"). Taylor contends the ALJ failed to independently assess the credibility of each witness. When a claimant (or in this case, claimant's mother) attempts to prove disability based on subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or evidence establishing that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 416.929(a), (b); Social Security Ruling ("SSR") 16-3p; *Wilson v. Barnhart*, 284 F.3d 1219, at 1225–26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes

---

[3] Taylor does not challenge the ALJ's finding that C.W. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of an impairment in the listings or the ALJ's findings in the other four domains. Therefore, she has waived any argument that C.W.'s impairments met, medically equaled, or functionally equaled a listed impairment or that he had marked or extreme limitations in the other four domains. *See e.g. Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim); *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging the ALJ's findings).

he has an impairment that could reasonably be expected to produce his alleged symptoms, the ALJ must evaluate the intensity and persistence of the alleged symptoms and their effect on the claimant's functioning.  *See* 20 C.F.R. § 416.929(c), (d); SSR 16-3p; *Wilson*, 284 F.3d at 1225-26.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence.  *See Hand v. Heckler*, 761 F.2d 1546, 1548-49 (11th Cir. 1985), *vacated for rehearing en banc*, 744 F.2d 428 (11th Cir. 1985), *reinstated sub nom., Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence.  *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).  However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard.  "The question is not . . . whether [the] ALJ could have reasonably credited [Taylor and Mr. Taylor's] testimony, but whether the ALJ was clearly wrong to discredit it."  *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

At the first hearing on May 22, 2018, Taylor stated C.W. had trouble "from time to time" attending and completing tasks at home.  (Tr. at 55.)  She said sometimes the tasks take him from thirty minutes up to an hour to complete.  (*Id.*)  She also testified that attending and completing tasks is a problem for C.W. at school.  (*Id.*)  According to Taylor, C.W. had trouble learning math and reading.  (Tr. at 54.)

7

However, C.W. is not in an individualized education program ("IEP"). (Tr. at 61.) Mr. Taylor stated C.W. had problems concentrating when he was not on his medicine. (Tr. at 63.) He also testified the school never mentioned C.W.'s difficulty with attending and completing tasks. (Tr. at 65.) However, Mr. Taylor said C.W. had issues at home, such as "tak[ing]…forever to get things done." (*Id.*)

Regarding interacting and relating with others, Taylor stated C.W. "[could] be antisocial" and "aggravt[ed] and continuously pick[ed] at" other kids. (Tr. at 56.) At the supplemental hearing on January 8, 2019, Taylor stated C.W. was not involved at school and did not have friends. (Tr. at 467.) However, C.W. testified he has friends at school. (Tr. at 464.) Mr. Taylor testified C.W. would yell and scream when he did not get his way or when he was made to get along with others. (Tr. at 66.)

The ALJ noted C.W.'s medically determinable impairments could reasonably be expected to produce some symptoms and functional limitations; however, the statements, including the testimony of Taylor and Mr. Taylor, concerning the intensity, persistence, and limiting effects of C.W.'s symptoms are not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) The ALJ reviewed a variety of evidence to support his conclusion, including objective education records and medical evidence. (Tr. at 16-28.) Substantial evidence supports the ALJ's decision in this case.

The ALJ noted the education records do not support C.W.'s functional limitations as alleged by Taylor. (Tr. at 18.) Multiple reports from his elementary school show C.W. predominantly "Meets Standard" across Personal Skills, Conduct, English, and Math. (Tr. at 194-96.) At the end of C.W.'s 2014-2015 and 2015-2016 school years, he measured either low risk or no risk on his Student Benchmark Assessment Data Sheet. (Tr. at 197-98.) In a Function Report, Child Age 6 to 12th Birthday completed by Taylor on September 06, 2016, she answered "no" to the following questions: Is the child's ability to progress in learning limited?; Does the child's impairment(s) affect his or her behavior with other people?; Is the child's ability to pay attention and stick with a task limited?. A teacher questionnaire completed on October 13, 2016, by one of C.W.'s second grade teachers noted he had no problems in attending and completing tasks or interacting and relating with others. (Tr. at 228, 229.) At the end of the questionnaire his teacher wrote, "[C.W.] is an average second grade student. He has no behavior or academic problems." (Tr. at 233.) A similar questionnaire completed on April 9, 2018, by C.W.'s third grade teachers noted he had no problem in attending and completing tasks or interacting and relating with others. (Tr. at 255-56.) Under attending and completing tasks, it was noted "[C.W.] does well and makes good grades as long as he has his ADHD medicine. Without it he does require redirection sometimes." (Tr. at 255.) C.W.'s Report Card for the 4th Nine Weeks of the 2017-2018 school year showed he had 3 A's and 3 B's. (Tr.

9

at 288.) The ALJ properly noted Taylor and Mr. Taylor's testimony was internally inconsistent with their assertions that C.W. had marked, or possibly extreme, limitations in attending and completing tasks and relating with others. (Tr. at 21.)

The ALJ also noted the objective medical evidence did not support the functional limitations as alleged by Taylor. (Tr. at 18-19.) Records from the Adam Bishop Center noted C.W. was "doing well at home and school" with "no problems to report." (Tr. at 347, 348, 352, 354, 358, 361, 362, 363, 373, 381, 390, 391, 401, 402, 407, 446, 450.) Records from the Adam Bishop Center also indicated C.W.'s symptoms for ADHD and ODD were managed well by his medication. (*Id*.) A report from the Adam Bishop Center dated November 22, 2016, noted C.W. met three of three goals set by his psychiatrist. (Tr. at 383.) Those three goals were: 1) to exhibit controlled behaviors in four out of five situations that might lead to impulsive or off-task behaviors; 2) to learn to implement learned self-calming/control techniques when necessary; and 3) to present controlled and on task behaviors in four out of five social interactions with adults or peers that would lead to impulsive or off-task behaviors. (*Id*.) The most recent reports from the Adam Bishop Center dated November 6, 2018, noted C.W. was doing well, making good grades, and taking his medication as prescribed. (Tr. at 446, 447.) The Mental Status Examination completed that same day showed C.W. had appropriate eye contact, speech, and orientation to person, place, and time. (Tr. at 448.) Although C.W. was

diagnosed with ADHD and ODD, diagnoses do not establish limitations. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005). The relevant medical records were thoroughly discussed by the ALJ and do not indicate that C.W.'s conditions were as limiting as alleged by Taylor and Mr. Taylor. (Tr. at 14-28.)

The ALJ articulated reasons in great detail for finding that Taylor's and Mr. Taylor's subjective complaints about C.W. were inconsistent with the education records and objective medical evidence of record. The ALJ also properly considered both of their subjective statements. The ALJ's finding that C.W. has less than a marked limitation in attending and completing tasks and no limitation in interacting and relating with others is supported by substantial evidence.

## IV. CONCLUSION

Upon review of the administrative record and considering all of Taylor's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 15th day of September, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE